## ED. PRUETT v. THE WESTERN UNION TELEGRAPH COMPANY.

### No. 481.

**Damages not too Remote—Regathering Cattle.**—Suit being for dam-
ages for failure to deliver a telegram to one who was holding a herd of cattle
which were to be turned loose unless a message was received within a certain
time, defendant having notice of these facts and of the necessity for its prompt
delivery, it was liable for the cost of regathering the cattle to fill the contract of
which the message advised the holder of the cattle, and also for the depreciation
in value of the cattle caused by the regathering, and for the value of such ani-
mals as came to their death without negligence on the part of the plaintiff, in
consequence of having to be regathered.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*John G. Todd*, for appellant.— 1. A party is entitled to recover as
damages for the breach of a contract such losses as he has sustained by
reason of such breach, if such losses may fairly be supposed to arise ordi-
narily and naturally from such breach, or if such losses may reasonably

be supposed to have entered into the contemplation of both the parties at the time they made the contract as the probable result of the breach of such contract. Calvit v. McFadden, 13 Texas, 324; Sedg. on Meas. of Dam., 77; Hadley v. Baxendale, 9 Exch., 341; Griffin v. Colver, 16 N. Y., 489; Fletcher v. Tayleur, 17 C. B., 21; Leonard v. Tel. Co., 41 N. Y., 514.

2. When a contract is entered into, and special circumstances exist which make the loss sustained by plaintiff, in case of a breach, greater than ordinarily would follow from its breach, and such special circumstances are known to the party committing the breach, or are communicated to him by the other party at the time the contract is entered into, then the loss sustained by the plaintiff because of such special circumstances are supposed to have entered into the contemplation of the parties, and may be recovered. Express Co. v. Darnell, 62 Texas, 641; Daniel v. Tel. Co., 61 Texas, 457; 5 Am. and Eng. Encycl. of Law, 15; 3 Suth. on Dam., 310, 311; Hammer v. Schoenfelder, 47 Wis., 455.

3. When a contract has been violated, the party not in fault can use prompt means to repair the injury occasioned by such violation; and all necessary and reasonable expense incurred by him in repairing the injury occasioned to him by the violation of the contract, and placing himself in the position he was in before the contract was violated, can be recovered by him from the party violating the contract. 1 Suth. on Dam., 148; Miller v. Mariners Church, 7 Greenl., 51; Hamilton v. McPherson, 28 N. Y., 72.

*Lovejoy & Sampson* and *Perryman, Gillaspie & Bullitt,* for appellee.

1. The damages for which a party may recover for a breach of contract are such as ordinarily and naturally flow from its nonperformance, and the application of this rule to the case made by the plaintiff's petition restricts the plaintiff's rights of recovery to the price of the telegram that had been delayed. Daniel v. Tel. Co., 61 Texas, 452; Cannons v. Tel. Co., 21 Am. and Eng. Corp. Cases, 124.

2. The expense of regathering the cattle, $1000, was too remote and speculative. The only expense the plaintiff could have recovered in a cause of this nature would be those necessary to prevent or lessen damages which would otherwise result from defendant's default or misconduct. The law only imposes upon a party injured from another's breach of contract or tort the active duty of making reasonable exertions to render the injury as light as possible. Calvit v. McFadden, 13 Texas, 324; 1 Suth. on Dam., 148; 1 Sedg. on Dam., secs. 159, 163; Lawrence v. Wardevell, 6 Barb., 423; Tel. Co. v. Williford, 2 Texas Civ. App., 574.

PLEASANTS, ASSOCIATE JUSTICE.—The nature and result of this suit is thus given by the appellant:

"This was a suit brought in the District Court of Harris County, Texas, by original petition, filed on the 17th day of November, 1891, to recover damages occasioned to plaintiff by reason of defendant's failure to transmit and deliver a telegraphic message. Plaintiff filed an amended petition on the 10th day of April, 1893, alleging, that the defendant maintained a telegraph line in Texas, and had offices for the receipt and transmission of telegraphic messages at Harrisburg and Dayton, Texas, and that on the 18th day of August, 1891, plaintiff, who was engaged in the business of raising, buying, and selling cattle. had herded and held together about 400 head of cattle near Dayton; that plaintiff was herding and holding said cattle pending a sale of them that was being negotiated by one C. D. Allen, his agent; that plaintiff had empowered Allen to sell them for him at a stipulated price by the night of August 18, 1891; that if Allen did not succeed in effecting a sale by that time, that his power to make such a sale should be considered as rescinded, the sale abandoned, and the cattle turned loose upon the range; that it was agreed between plaintiff and Allen that if a sale was effected Allen would send to plaintiff a telegraphic message, and that any message plaintiff might receive from him on or before the night of August 18, 1891, would mean that Allen had sold plaintiff's cattle upon the terms agreed upon; that Allen sold the cattle upon the terms authorized by plaintiff, and on the 18th day of August, 1891, delivered to the defendant, at its office in the town of Harrisburg, a message to be transmitted and delivered by the defendant to plaintiff at Dayton; that had such a message been received by plaintiff he would have understood from it that Allen had sold his cattle; that at the time such message was delivered to the defendant for transmission, defendant was notified of plaintiff's condition, of the circumstances under which he was holding the cattle, and was told that unless the message could be transmitted and delivered that day it would be useless to send it, as unless plaintiff received it that night he would turn his cattle loose; that defendant received said message, but negligently failed to transmit and deliver said message until a late hour of next day; that plaintiff sent to the office of defendant at Dayton several times during the day of August 18, 1891, to learn if any message had been received there for him from his agent, and sent again at a late hour of that night, and then being informed that there was no message for him, plaintiff turned his cattle loose upon the range; that plaintiff's agent, Allen, having sold the cattle upon the terms and within time agreed upon, plaintiff was obliged to have said cattle regathered in order to carry out said sale, which he did at great trouble and expense.

"Plaintiff alleged, that by reason of the negligence of defendant in failing to transmit and deliver the message, he was damaged in the sum of $2000, estimating the elements of such damage to be as follows: The expense of regathering the cattle, $1000; the value of those he turned

loose and was unable to find, $240; depreciation in value of those regathered, $400; and the value of thirty head of the cattle that after being regathered were too poor to be carried to the place of delivery, and were lost, amounting to $360.

"To this petition the defendant, on April 10, 1893, filed a second amended original answer, containing exceptions to the petition and to the items of damage claimed therein, as too remote and speculative to form a proper element of damage in this cause.

"These exceptions were heard by the court, and the defendant's third, fourth, and fifth special exceptions to so much of plaintiff's petition as sought to recover damages for expense of regathering the cattle, for depreciation in value, and for the value of those cattle that were alleged to be too weak to be driven to place of delivery and were lost to plaintiff, were sustained; to which ruling the plaintiff excepted.

"The plaintiff then filed a trial amendment, alleging that by reason of defendant's negligence in failing to transmit and deliver the telegraphic message, that he had been damaged in the sum of $1100, which he alleged to be the difference in the market value of the cattle in the condition they were in when the message was delivered and their market value in the condition they were when the message should have been delivered. To this trial amendment the defendant filed a first supplemental answer, containing general and special exceptions, which exceptions were by the court sustained; and the plaintiff declining further to amend, plaintiff's suit was dismissed. To the ruling of the court in sustaining defendant's exceptions and in dismissing the suit, plaintiff excepted and gave notice of appeal."

The appellant in his brief makes four assignments of error, which are as follows:

"1. The court erred in sustaining the defendant's third special exception to so much of the plaintiff's petition as sought to recover expenses incurred in regathering the cattle, on the ground that such expense was too remote and speculative, because the petition shows that the cattle in question had been gathered and were being held by plaintiff subject to the agreement made by him with his agent, Allen, to effect a sale of them; and it was agreed that if Allen effected a sale within a time agreed upon, the plaintiff would carry it out, but that if Allen did not effect a sale within that time, the authority of Allen to sell would terminate, and plaintiff would turn his cattle loose. And it appears from said petition that at the time the message was received for transmission, the defendant was notified by defendant's agent, Allen, of the circumstances under which plaintiff held the cattle, and was notified by said Allen that if said message was not sent and delivered at once to plaintiff, that plaintiff would turn his cattle loose; and it appears from the petition that plaintiff's agent, having entered into a contract of sale of the cattle that was binding upon

the plaintiff, that plaintiff, after turning his cattle loose, was obliged to regather them in order to fulfill such contract, and the expense incurred by plaintiff in turning said cattle loose and regathering same was the direct and proximate result of the defendant's breach of contract to transmit and deliver the message to plaintiff, and may be reasonably supposed to have entered into the contemplation of the parties at the time the contract was entered into.

"2. The court erred in sustaining the defendant's fourth special exception to so much of plaintiff's petition as sought to recover damages for depreciation in the value of plaintiff's cattle, because it appears from the petition that the cattle were gathered and held for sale, and by reason of defendant's failure to deliver the message sent to plaintiff, were turned loose upon the range; and plaintiff's agent having entered into a contract for their sale, plaintiff was obliged to have said cattle regathered and delivered under said contract of sale; and because under said petition the depreciation of the value of the cattle caused by regathering was occasioned by defendant's negligence, and is a direct and proximate effect of defendant's negligence.

"3. The court erred in sustaining defendant's fifth special exception to so much of plaintiff's petition as seeks to recover the sum of $360 damages for the value of thirty head of cattle, which it alleges were after being regathered too poor and weak to drive to the place of delivery, and were lost to plaintiff, because the weak and impoverished condition of said cattle was caused by the regathering made necessary by reason of defendant's failure to deliver the message in time, and the loss and damage occasioned thereby forms a proper element of damage in this cause.

"4. The court erred in sustaining the general demurrer and special exception to plaintiff's trial amendment, contained in defendant's supplemental answer, because the damages claimed by plaintiff in said trial amendment, to-wit, the difference between the market value of the cattle in the condition they were in when the telegraphic message should have been delivered and their market value in the condition they were when such message was delivered, which plaintiff alleged to be $1100, is the proper measure of the damages plaintiff has sustained by reason of defendant's negligence in failing to deliver the message at the time it should have been delivered."

The plaintiff's petition presented a cause of action, and the first, second, and third assignment of error must be sustained.

This court, in the case of Western Union Telegraph Company v. Williford, reported in 2 Texas Civil Appeals, held that the plaintiff's measure of damages was not the cost of collecting and preparing his cattle for market. In that case the cattle had been collected and afterwards were turned loose, because of the failure of the telegraph company to transmit and deliver the telegram, and thereby the owner of the cattle was de-

prived of the benefit of the contract of sale made for him by his agent. In this case the owner of the cattle did not lose the benefit of the sale made for him; but after turning his cattle loose he was compelled to regather them. When the message from plaintiff's agent to plaintiff was delivered to defendant's agent, the latter was informed that unless the message was received by the plaintiff on the day on which it was delivered, the plaintiff would turn his herd loose. Under such circumstances, the cost of regathering the cattle was an element of damage, and should be recovered by the plaintiff. We also think, that if regathering the cattle was the proximate cause of their alleged depreciation in value, and if by such depreciation the plaintiff realized less from their sale than he would have received but for such depreciation, he should recover the difference between what he actually realized from the sale and what he would have received but for such depreciation in the value of the animals as was the direct result, without fault on the part of the plaintiff, of the regathering. And so, if the regathering was the proximate cause of the death of any of the animals, without negligence on the part of the plaintiff, he should recover the value of such animals.

For the error of the court in sustaining the defendant's third, fourth, and fifth exceptions, the judgment is reversed and the cause is remanded for a new trial in accordance with the law as announced in this opinion.

*Reversed and remanded.*

Delivered March 8, 1894.